## Richmond

LILLY B. RICE v. WOODROW L. COBB.

March 6, 1961.

Record No. 5191.

Present, Eggleston, C. J., and Spratley, Buchanan, Whittle, Snead and I'Anson, JJ.

The opinion states the case.

Submitted on brief for the appellant.

No brief filed for the appellee.

WHITTLE, J., delivered the opinion of the court.

Mrs. Rice filed a bill of complaint against Cobb seeking a temporary and permanent injunction "prohibiting him from maintaining barricades on a twenty-foot outlet road leading from her garage eastward to Graham Road, over which she had an easement."

The temporary injunction was granted and the case later heard on its merits, at which time the court denied the prayer of the bill, dissolved the temporary injunction and dismissed the bill. From this decree we granted Mrs. Rice an appeal.

Mrs. Rice assigned as errors the following: That the court erred in dismissing the bill; that the decree was contrary to the law and the evidence; and that "the court erred in refusing to consider the circumstances surrounding the execution of the deed wherein the complainant sold a portion of her property."

In the bill Mrs. Rice alleges that she and her husband reserved the use of an outlet road "unto themselves during the lifetime of either or until such time as they or either of them should sell or subdivide the remaining Rice property * * *."

The answer filed by defendant alleges "That the plaintiff has subdivided the remainder of her property and/or sold it; that the easement has been eliminated by operation of law; that the reservation for said outlet road * * has been released as recorded * * in Deed Book 1798 at page 38, and re-recorded in Deed Book 1813 at page 163. That Mrs. Rice * * admitted to the defendant that she had no legal easement existing, but stated to him that she was going to harass him to continue to use his property; that she now has a good road to her house and that the defendant further alleges that she has been trespassing on his property although she has been told not to do so."

The court heard the case *ore tenus* and on January 21, 1960, entered a final decree holding:

"This cause came on to be heard on the 22nd day of December, 1959, upon the Bill of Complaint filed herein praying for an injunction to be awarded against the defendant, upon the answer of the defendant filed herein, upon the decree for a temporary injunction entered herein on November 20, 1959, upon the evidence taken *ore tenus*, together with the exhibits introduced on behalf of each party, and was argued by counsel, and it appearing to the Court that the easement reserved to the complainant and her husband, now deceased, in their deed to Cecil D. Hylton, dated February 12, 1953, and recorded in Deed Book No. 1048, at page 540, of the land records of Fairfax County, Virginia, was extinguished by the action of the complainant in subdividing her remaining property by plat attached to a deed from the complainant to C. Fred Wilson, et als., dated August 3, 1959, and recorded in Deed Book No. 1798, at page 38, and re-recorded in Deed Book No. 1813, at page 163, of said land records, upon consideration whereof:

"It is adjudged, ordered and decreed that the prayers of the Bill of Complaint be denied, that the said Bill of Complaint be dismissed,

and that the temporary injunction heretofore awarded be dissolved as of December 22, 1959.

"To which ruling of the Court the complainant, by counsel, duly excepts."

On March 16, 1960, counsel stipulated as follows:

"Counsel for Plaintiff and Defendant agree that the order entered by the Court on January 21, 1960, contains a brief resume of the incidents of trial with the further explanation that the Plaintiff and Defendant both took the stand and testified."

The record before us contains no testimony—neither that of the plaintiff nor that of the defendant. Thus we are given no opportunity to consider the assignment that "the court erred in refusing to consider the circumstances surrounding the execution of the deed wherein the complainant sold a portion of her property."

The exhibits show that the easement claimed by Mrs. Rice would be extinguished if the property were either sold or subdivided, and they also show that the major portion of the property was sold and that the property was subdivided.

As aforesaid, the case was heard *ore tenus* and the testimony is not before us. The decision of the chancellor is presumed to be correct and founded upon sufficient evidence. The burden was on the appellant to show error in the decree appealed from, which she has failed to do. 1 Mich. Jur., Appeal and Error, §§ 258, 259, pp. 675, 676.

The decree is

*Affirmed.*